Avery, J.
Every defense in the action of replevin, which is admissible under both the pleas here presented by the defendants, is admissible under the plea of non detinet. 10 Ohio Rep. 343, and 12 Ohio Rep. 112.
A doubt is expressed in the case in the volume last referred to, whether the plea of property in the defendants is a good plea, under our statute; and it is there decided, that to leave the plea without any replication, furnishes no ground to reverse the judgment.
As the jury, upon the first issue, have returned a verdict for the defendants, if that is properly found, a judgment must be rendered in their favor; and it will be unnecessary to examine very particularly to see whether there are defects or not in the plaintiffs’ replication. The merits of the case are before the court upon the pleadings.
These plaintiffs took up the raft in controversy while adrift upon the Ohio .river, on the 20th day of May, 1849. On the 29th, it was forcibly taken out of their possession by the agent of the defendants, and on the 30th of the same month of May, it was seized and taken again into possession by the plaintiffs, by means of the present, writ of replevin. Having regained the possession of the raft, the plaintiffs proceeded, under the statute, in the same man *33 ner with reference to it as they would have done had their possession never been disturbed, causing it to be viewed and valued by two freeholders, and sold by the constable, who after satisfying what were considered the legal claims upon the fund, paid over the balance to the treasurer of the township.
Now, the question in the case here presented, is, whether the plaintiffs had, by law, a right to take out the writ of replevin and recover the raft, though it had been without their consent, and forcibly, taken into possession by the defendants.
The claim of the plaintiffs must be supported, if it can be maintained at all, by rights acquired by force of the statute, under whose provisions they have professed to act. They cannot seek'protection, as we think, under any law which may apply to the finder of lost property, nor to rights secured under any law relating to salvage. The case must turn, therefore, upon the statute, and we have examined it to see whether it actually confers on these plaintiffs the right which they have asserted over the property in question.
The 12th section of the act (Swan’s Statutes 874) is in these words: “ That it shall be lawful for any person or persons, finding any boat, watercraft, raft, or piece of a raft, or other valuable property, gone or going adrift, within this state, or any of the waters adjoining thereto, to take up and secure such boat, watercraft, raft, or piece of a raft, or other valuable property; and if no person shall claim and prove his right to such boat, watercraft, raft, or piece of a raft, or other valuable property, within thirty days thereafter, the taker up shall cause such boat, watercraft, raft, or piece of a raft, or other valuable property, to be viewed by two freeholders or householders of the township, who shall, after viewing the same, give a description thereof in writing, together with the value of such boat, watercraft, raft, or piece of a raft, or other valuable property, and certify the same under their hands; which certificate the taker up shall deliver, within five days, to some justice of the peace within the township.” After *34 taking the steps prescribed by the foregoing section, the taker up, by direction of the 14th section, is to pay to the justice twenty-five cents for himself, and twenty-five cents for the clerk of the common pleas, in payment for the services of each of these officers in making a record in the books which each of them is directed to keep.
By the next section, which is the 15th, the owner of the property, on proving his right thereto within the time after-wards in the act limited, and paying to the taker up such compensation as shall be deemed reasonable, at the discretion of the justice of the peace, together with the fees allowed by the act, shall be entitled to demand and receive his property so taken up.
According to the provisions of the 16th section, if the value exceed five dollars, and the owner does not appear and prove his right thereto within two months, then the taker up shall deliver the property to any constable of the township, who shall advertise and sell it; and, after deducting the expenses and fees in the case, pay over the money to the township treasurer, which money the owner, if he appears and claims it within a specified time, is entitled to draw from the hands of such treasurer.
Thus it will be seen, that the act secures to the owner, at any time within thirty days from the time of taking up the property, the privilege of claiming and proving his right to it. And further, that it points out no specific mode by which the person who has taken up the property adrift can enforce any claims he may set up against the owner. Eor this period he is left to the assertion of such rights as a.re properly to be inferred from his having lawfully, and it may be meritoriously, taken up and secured the property of. another. There seems to be no good reason for offering to a person who takes up a raft that he sees floating on the river, and fastens it to the bank, any greater privilege than he may claim,- who, finding property that had been lost, takes care of it and secures it for the owner. No right is conferred by our law upon the latter to retain the possession, till he is *35 compensated by the owner ; nor does the statute we are considering give in terms any such right. On the contrary, it secures to the owner, at least by very clear implication, for the thirty days, the .privilege of regaining his property by asserting and establishing his right. The mode of doing this, is left to be indicated by the general law, and not pointed out any where in this statute. If it be said there is apparent hardship in turning the party over for his trouble in taking up the boat or raft, to his remedy against the person of the owner, after he has been authorized to gain a lawful possession of the property, it may also be said, that there seems to be a greater hardship in compelling the owner, before he can obtain his property, to tender at his peril a sum which _ shall be pronounced upon the trial an adequate compensation. He would be under a strong inducemeht to tender more than could be equitably claimed:
Now, if he has waited a longer period, before making his claim, though the other party has in the meantime incurred some actual expense, and had some further trouble, yet the owner is not subjected to any such hazard, as in the former case ; for the -act itself provides in such case a mode of ascertaining the amount he is first to pay, by submitting the matter to the determination and discretion of a justice of the peace.
As we look upon the statute, therefore, which has been under ,.consideration, we discern no propriety, nor any necessity of inferring from its provisions such rights as are claimed in behalf of these plaintiffs. After the property had gone again into the possession of its owners, even though taken by them forcibly, the persons who took it up had not the right to recover it by the writ of replevin.

The judgment of the Common Pleas is affirmed.